FILED
COURT OF APPEALS
DIVISION II

2013 MAR -5 AM 9: 26

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br>Respondent,<br><br>v.<br><br>JUAN ATILANO FIGUEROA,<br>Appellant. | No. 42911-0-II<br><br>UNPUBLISHED OPINION |

VAN DEREN, J. — Juan Figueroa appeals from his conviction for failure to register as a sex offender, arguing that the State did not present sufficient evidence that he had changed residences but had not reported his new address. We affirm.[1]

The State charged Figueroa with failing to register as a sex offender between May 13, 2011, and May 30, 2011. He stipulated to his obligation to register as a sex offender. Deborah Jackson operated a residence for sex offenders in Bremerton. In May 2011, she authorized Figueroa to live in the residence. On May 10, 2011, he registered as a sex offender with the Kitsap County Sheriff's Office, listing Jackson's residence as his address.

On May 13, 2011, other residents of Jackson's residence told her that Figueroa was no longer staying there. She spoke with him four times by cellular telephone. She told him that if

---

[1] A commissioner of this court initially considered Figueroa's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

he did not return to the residence, she would have to notify the police. She said he responded that she could go ahead and notify the police because he was staying in Silverdale. Jackson also testified that on May 13, Figueroa's friend Brandon Roy had taken Figueroa's belongings in a backpack from the residence. Figueroa did not give written notice of a change in residences to the Kitsap County Sheriff's Office after May 10, 2011. The jury found Figueroa guilty as charged.

RCW 9A.44.130(4)(a) requires a sex offender who changes residences within the same county to provide "signed written notice of the change in address to the county sheriff within three business days of moving." Figueroa argues that the State failed to present sufficient evidence that he had changed residences.

Evidence is sufficient if, when viewed in a light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201.

Taken in the light most favorable to the State, the evidence established that while Figueroa had listed Jackson's residence as his address on May 10, 2011, by May 13, 2011, he was no longer seen residing there and all his belongings had been removed from the residence. Figueroa admitted to Jackson that he was residing in Silverdale. The State presented sufficient evidence that Figueroa had changed residences within the same county but had not provided the sheriff with written notice of that change in residences within three business days.

No. 42911-0-II

We affirm Figueroa's conviction.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Van Deren, J.
VAN DEREN, J.

We concur:

Johanson, A.C.J.
JOHANSON, A.C.J.

Bjorgen, J.
BJORGEN, J.

3